No. 3819

Second Circuit

HOWELL v. ROBINSON

(November 7, 1930. Opinion and Decree.)

Cecil Morgan, of Shreveport, attorney for plaintiff, appellee.

B. H. Lichtenstein, of Shreveport, attorney for defendant, appellant.

ODOM, J. An automobile owned by the plaintiff and one owned by defendant collided at a street intersection in the city of Shreveport, and both cars were injured.

Plaintiff brought suit against defendant to recover the amount of damage to his car, alleging that the accident was due solely to the fault, negligence and careless driving of the driver of defendant's car. Defendant answered, admitting the collision and set up that the accident and collision were not due to any fault or negligence of his driver, but, on the contrary, due solely to the fault and negligence of the driver of plaintiff's car, and he sued in reconvention for the damage to his car. There was judgment for plaintiff and defendant has appealed.

The testimony makes it perfectly clear that the collision was due to the fault and negligence of defendant's driver. Plaintiff and his wife were driving south on Marshall street on their right-hand side, and defendant's car was being driven north on the same street, on its right-hand side. Just as the two cars were approaching the intersection of Cotton street with Marshall defendant's driver cut sharply across Marshall street to the left to go into Cotton, and the two cars collided at the southern corner of the intersection.

All the testimony shows that defendant's car was one of a number coming towards the city and that the driver left his side of the street and suddenly crossed over, and ran immediately in front of plaintiff's car. Plaintiff's car was being driven by his wife and was occupied by plaintiff and Roy Anderson. The accident was witnessed by other persons, who testified for plaintiff, each and all of them stating that the collision was wholly unavoidable, due to the fact that defendant's car cut shortly and quickly across the street and ran immediately in front of the other one. Plaintiff's car was being driven at about 15 miles an hour and Mrs. Howell states that she applied the brakes, which took effect, but that the other car was so close in

front of her that she could not avoid striking it. All the witnesses for the plaintiff who witnessed the accident stated positively that defendant's driver gave no signal or warning of his intention to make the turn and that his turn was sudden and unexpected.

Defendant and two other parties in his car at the time testified that his driver sounded his horn and held out his hand to indicate that he was about to make the turn. Whether he did so or not, the fact is that defendant's driver turned suddenly from his side of the street across to go into Cotton and that his turn was so sudden that a collision between the two cars was inevitable. Defendant's driver says he saw plaintiff's car approaching the intersection when it was about 60 feet away, and that when he turned, he figured that it would slow down and give him a chance to get by. Our conclusion is that the testimony offered by defendant alone is sufficient to justify a verdict for the plaintiff. Immediately following the collision, defendant told Mr. and Mrs. Howell that the collision was due to the fault of his driver and that he would pay the damage. His statement to them was made in the presence and hearing of Roy Anderson, T. B. Hanson and A. H. Bloum.

Defendant filed an exception of no cause of action based upon the ground that plaintiff did not allege that the driver of defendant's car was his agent. The exception does not seem to have been passed upon by the lower court, but presumably it was overruled. The exception should have been overruled. There was no specific allegation in plaintiff's petition that the driver was the agent of defendant, but plaintiff did allege that the defendant was in the car at the time of the collision and that the driver was at the time under his control and direction. These allega-

tions were sufficient. Plaintiff filed an amended petition in which he specifically alleged that the driver was the agent of defendant. Counsel for defendant says in brief that this amendment should not have been allowed because the original petition set out no cause of action. We hold that the allegations in the original petition were sufficient and that the amendment was wholly unnecessary. Plaintiff made proof of his damage.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both cases.